UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WOOLSLAYER COMPANIES, INC., | ) |
| Plaintiff, | ) |
| and | ) |
| JOSEPH WOOLSLAYER, HOMER J. WOOLSLAYER, and JOHN M. WOOLSLAYER, | ) Case No. 19-CV-0438-CVE-FHM |
| Plaintiff-Intervenors, | ) |
| v. | ) |
| JEANNIE WOOLSLAYER, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff Woolslayer Companies, Inc.'s (WCI's) and plaintiff-intervenors Joseph Woolslayer's, Homer J. Woolslayer's, and John M. Woolslayer's motions to alter or amend judgment (Dkt. ## 31, 32, 33). On October 25, 2019, the Court entered an opinion and order (Dkt. # 29) dismissing WCI's declaratory judgment action. The Court applied the Tenth Circuit's Mhoon[1] factors and dismissed WCI's lawsuit because a first-filed lawsuit by Jeannie Woolslayer was substantially similar to the declaratory judgment action. WCI and plaintiff intervenors now move the Court to reconsider its opinion and order, arguing that the Court misapprehended material facts.

---

[1] State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994).

**I.**

WCI's and plaintiff intervenors' motions were filed within 28 days of the entry of judgment of dismissal. Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

**II.**

WCI takes issue with certain statements in the factual background portion of the Court's opinion and order. However, the factual background set forth in a ruling on a motion to dismiss does not constitute findings of fact by the Court, but rather is presumed to be true only for the purpose of deciding the motion to dismiss. See Emergent Capital Inv. Mgmt. v. Stonepath Group, Inc., 165 F.Supp.2d 615, 625 (S.D.N.Y. 2001). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416

U.S. 232, 236 (1974). The only background facts that were material to the Court's holding were that Jeannie Woolslayer filed a Texas lawsuit prior to WCI's declaratory judgment lawsuit in this Court, and that the issues were substantially similar. Therefore, the Court finds that WCI's and plaintiff-intervenors' motions to alter or amend judgment under Fed. R. Civ. P. 59(e) should be denied.

**IT IS THEREFORE ORDERED** that plaintiff Woolslayer Companies, Inc.'s and plaintiff-intervenors Joseph Woolslayer's, Homer J. Woolslayer's, and John M. Woolslayer's motions to alter or amend judgment (Dkt. ## 31, 32, 33) are **denied**.

**DATED** this 5th day of December, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE